UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DAVID POWELL,

    Plaintiff,

  v.

CITIBANK (SOUTH DAKOTA) N.A.,

    Defendant.

Case No. 08 C 2755
Judge Charles R. Norgle
Courtroom 2341
Magistrate Judge Jeffrey Cole
Courtroom 1838

**MOTION TO STRIKE PLAINTIFF'S AMENDED COMPLAINT AND FOR ENTRY OF AN ORDER DISMISSING PLAINTIFF'S ORIGINAL COMPLAINT**

Pursuant to Federal Rules of Civil Procedure 12(f) and 15(a), defendant Citibank (South Dakota), N.A. ("Citibank') hereby moves this Court for entry of an order striking the Amended Complaint filed by Plaintiff David Powell ("Plaintiff") on the grounds that Plaintiff's Amended Complaint was filed without leave of court and in the absence of written consent by Citibank. In support of this motion, the following is stated:

    1.    On April 18, 2008, Plaintiff filed his initial complaint with the Court (Exhibit "A").

    2.    On May 20, 2008, Citibank filed its 12 (b)(6) *Motion to Dismiss by Citibank (South Dakota), N.A.* ("Motion to Dismiss")(Exhibit "B") , and an accompanying *Memorandum of Point and Authorities in Support of Citibank (South Dakota) N.A.'s Motion to Dismiss* ("Memorandum") (Exhibit "C").

    3.    On May 30, 2008, a hearing was set on Citibank's Motion to Dismiss at which time this Court entered an order setting a briefing schedule with respect to Citibank's Motion to Dismiss (Exhibit "D").

On June 13, 2008, Plaintiff filed his Amended Complaint (Exhibit "E"). Plaintiff did not file a response to Citibank's Motion to Dismiss.

    5.    Federal Rule of Civil Procedure 15(a) provides as follows:

> (a) Amendments. A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleadings is permitted and the action has not been placed upon the trial calendar, the party may so amend it at any time within 20 days after it is served. Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires. A party shall plead in response to an amended pleading within the time remaining for response to the original pleading or within 10 days after service of the amended pleading, whichever period may be the longer, unless the court otherwise orders.

    6.    Citibank timely filed its Motion to Dismiss prior to Plaintiff's filing of thee Amended Complaint, which, like the original Complaint, fails to allege facts sufficient to state a cause of action. Further, Plaintiff has not obtained leave of Court to file an amended complaint, nor has Citibank consented to the filing of an amended complaint. Plaintiff's recently filed Amended Complaint should be stricken as the filing of the Amended Complaint contravenes Federal Rule of Civil Procedure 15(a).

    7.    Moreover, because the time allowed for Plaintiff to file a response to Citibank's Motion to Dismiss has passed, it is respectfully submitted that this Court dismiss Plaintiff's original complaint in its entirety for the reasons set forth in Citibank's Motion to Dismiss and Memorandum.

    8.    In the alternative, in the event this Court grants Plaintiff leave to file his Amended Complaint, then in such event, Citibank requests leave to file a motion to dismiss in response to Plaintiff's Amended Complaint.

WHEREFORE, Defendant CITIBANK (SOUTH DAKOTA), N.A. moves this Court to strike David Powell's Amended Complaint; grant CITIBANK (SOUTH DAKOTA) N.A.'s 12(b)(6) motion to dismiss Plaintiff's original complaint; or in the alternative, grant CITIBANK (SOUTH DAKOTA) N.A. leave to file a motion to dismiss Plaintiff's Amended Complaint in the event this Court grants Plaintiff leave to file his Amended Complaint, and for such further relief that this Court deems just and appropriate.

Respectfully submitted,

s/Vincent Vigil
Vincent Vigil
Gonzalez, Saggio and Harlan, L.L.C.
35 East Wacker Drive, Suite 500
Chicago, IL 60601
Phone: 312.236.0475
Fax: 312.236.1750
E-mail: vincent_vigil@gshllc.com
**ATTORNEYS FOR DEFENDANT CITIBANK (SOUTH DAKOTA) N.A.**

## CERTIFICATE OF SERVICE

     I hereby certify that on June 20, 2008, I electronically filed the foregoing with Clerk of the Court using the CM/ECF system which sent notification of such filing to the following: N/A and I certify that I have mailed by United States Postal Service the document to the following non CM/ECF participant:

                David Powell
                P.O. Box 5282
              Lansing, IL 60438

                                  Respectfully submitted,

                                  <u>s/Vincent Vigil</u>
                                  Vincent Vigil
                                  Gonzalez, Saggio and Harlan, L.L.C.
                                  35 East Wacker Drive, Suite 500
                                  Chicago, IL 60601
                                  Phone: 312.236.0475
                                  Fax: 312.236.1750
                                  E-mail: vincent_vigil@gshllc.com

Complaint-Verified  (This form replaces CCMD-8A)  CCM N008-150M-1/21/04 (3335092)

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Plaintiff(s): MR DAVID Powell

v.

Defendant(s): CITIBANK SOUTH DAKOTA NA
PO BOX 6500
SIOUX FALLS, SD 57117-6500

No. 08 M6-1767
Contract
Amount Claimed $ 12,000.00
Return Date 5-13-08

## COMPLAINT

The Plaintiff(s) claim(s) as follows:

IN THE CIRCUIT COURT OF COOK, COUNTY ILLINOIS
6TH MUNCIPAL DISTRICT

PLANTIFF'S COMPLAINT AT LAW

I Mr. David Powell motions the Court under the Civil Rules of Procedure for the Defendants Breach of Contract and Negligent Misrepresentation on Citi Credit Card, in which the Plaintiff and Defendant entered into a contract on or about July 2007. The Defendant actions as listed in the exhibits has caused the Plantiff undo hardship in which the Defendant has increased the Plaintiff's interest rate for no valid reason and has refused to correct this matter. The Plaintiff submits exhibits 1 and 2 and 7 in which there was no late payment or returned check, the Plaintiff submits exhibits exhibits 3 and 4, which states ths Defendants negligence, The Plaintiff submits exhibit 5 in which the Plaintiff is listed valued. In support of my Motion of Complaint, the term willful as used in the Fair Credit Reporting Act, by knowlingly and intentionally commiting acts in concious disregard for the rights of others, Wiggns vs.Equifax D.D.C. 1993 848F. Supp213 The Plaintiff Prays the Court for relief as listed, and any other means this Court finds equitable and just

I, DAVID Powell (Name), certify that I am the PLANTIFF (Name of Attorney if applicable) plaintiff in the above entitled action. The allegations in this complaint are true.

Atty. No.: Pro Se        Pro Se 99500        Dated: APRIL 18, 08

Atty. (or Pro Se Plaintiff)
Name: DAVID Powell
Address: P.O. Box 5382
City/State/Zip: Lansing, ILL 60438
Telephone: 708 474-1805

☐ Under penalties as provided by law pursuant to 735 ILCS 5/1-109 the above signed certifies that the statements set forth herein are true and correct.

EXHIBIT A

DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, IL

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DAVID POWELL, )<br>)<br>    Plaintiff, )<br>)<br>vs. )<br>)<br>CITIBANK (SOUTH DAKOTA), N.A. )<br>)<br>    Defendant. )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 08 cv 2755<br>Judge Charles R. Norgle, Sr.<br>Courtroom 2341<br>Magistrate Judge Jeffery Cole<br>Courtroom 1838 |

**MOTION TO DISMISS BY CITIBANK (SOUTH DAKOTA), N.A.**

Pursuant to the Federal Rule of Civil Procedure 12(b)(6), defendant Citibank (South Dakota), N.A. ("Citibank") hereby moves this Court for the entry of an Order dismissing the Complaint filed by Plaintiff David Powell ("Plaintiff") on the grounds that the Complaint fails to allege facts sufficient to state a claim against Citibank. Specifically, Plaintiff fails to allege facts establishing claims for breach of contract, negligent misrepresentation or violation of the Fair Credit Reporting Act.

In support of this Motion, Citibank submits the accompanying Memorandum of Points and Authorities.

WHEREFORE, Defendant CITIBANK (SOUTH DAKOTA) N.A. moves this Court to dismiss David Powell's Complaint in its entirety, and for such other and further relief that this Court deems just and appropriate.



EXHIBIT B

Respectfully submitted,

s/Vincent Vigil
Vincent Vigil
Gonzalez, Saggio and Harlan, L.L.C.
35 E. Wacker Drive, Suite 500
Chicago, Illinois 60601
Phone: 312.236.0475
Fax: 312.236.1750
E-Mail: vincent_vigil@gshllc.com
**ATTORNEYS FOR DEFENDANT CITIBANK (SOUTH DAKOTA) N.A.**

## CERTIFICATE OF SERVICE

I hereby certify that on May 20, 2008, I electronically filed the foregoing with Clerk of the Court using the CM/ECF system which sent notification of such filing to the following: N/A and I certify that I have mailed by United States Postal Service the document to the following non CM/ECF participant:

Case 1:08-cv-02755    Document 5    Filed 05/20/2008    Page 3 of 3

David Powell
P.O. Box 5282
Lansing, Illinois 60438

        Respectfully submitted,

        s/Vincent Vigil
        Vincent Vigil
        Gonzalez, Saggio and Harlan, L.L.C.
        35 E. Wacker Drive, Suite 500
        Chicago, Illinois 60601
        Phone: 312.236.0475
        Fax: 312.236.1750
        E-Mail: vincent_vigil@gshllc.com

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DAVID POWELL,<br><br>    Plaintiff,<br><br>vs.<br><br>CITIBANK (SOUTH DAKOTA), N.A.,<br><br>    Defendant. | Case No. 08 cv 2755<br>Judge Charles R. Norgle, Sr.<br>Courtroom 2341<br>Magistrate Judge Jeffrey Cole<br>Courtroom 1838 |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
CITIBANK (SOUTH DAKOTA) N.A.'s MOTION TO DISMISS**

### I.    INTRODUCTION

Defendant Citibank (South Dakota), N.A. ("Citibank"), moves to dismiss the Complaint filed by plaintiff David Powell ("Plaintiff") pursuant to Federal Rule of Civil Procedure 12(b)(6) on the grounds that the Complaint completely fails to state any valid cause of action. Although the Complaint refers to claims for "breach of contract," "negligent misrepresentation" and violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA"), Plaintiff fails to allege facts sufficient to satisfy federal pleading standards. Instead, Plaintiff merely incorporates Exhibits attached to the Complaint and vaguely refers to an increased interest rate on a Citibank credit card account (the "Account"), without discussing what conduct in particular is at issue. A review of this Court's online docket (through PACER) reflects that Plaintiff previously has filed a number of cases in this Court (each time requesting appointment of an attorney) (Exhibit "A") Therefore, Plaintiff should at least be aware of the basic pleading required to state a valid cause of action. Plaintiff's instant Complaint, however, is wholly deficient. Accordingly, Citibank respectfully requests that this Court dismiss the Complaint and require Plaintiff to file a Complaint setting forth the basic facts supporting the causes of action he purports to pursue.


EXHIBIT C

## II. ALLEGATIONS OF THE COMPLAINT

Plaintiff filed his Complaint in Illinois state court on or about April 18, 2008. On May 13, 2008, Citibank removed the action to this Court based on Plaintiff's attempt to assert a claim based on the FCRA. Plaintiff's Complaint is based solely on the following allegations:

> I Mr. David Powell motions [sic] the Court under the Civil Rules of Procedure for the Defendants Breach of Contract and Negligent Misrepresentation on Citi Credit Card, in which the Plaintiff and Defendant entered into a contract on or about July 2007. The Defendant actions as listed in the exhibits cause the Plaintiff undo hardship in which the Defendant has increased the Plaintiff's interest rate for no valid reason and has refused to correct this matter. The Plaintiff submits exhibits 1 and 2 and 7 in which there was no late payment or returned check, the Plaintiff submits exhibits exhibits [sic] 3 and 4, which states the Defendants negligence. The Plaintiff submits exhibit 5 in which the Plaintiff is listed valued. In support of my Motion of Complaint, the term willful as used in the Fair Credit Reporting Act, by knowingly and intentionally commiting [sic] acts in concious [sic] disregard for the rights of others, Wiggins v. Equifax D.D.C. 1993 848F. Supp212 [sic] The Plaintiff Prays this Court for relief as listed, and any other means this Court finds equitable and just.

Absent from the Complaint is: (i) what "contract" allegedly is at issue; (ii) the terms of the contract that purportedly were breached; (iii) what conduct on Citibank's part is "listed in the exhibits,"; (iv) an explanation as to how the increased interest rate was invalid; (v) how Exhibits 3 and 4 to the Complaint "states the Defendants negligence"; (vi) what conduct on Citibank's part allegedly violated the FCRA; and (vii) what "relief as listed" Plaintiff actually seeks.

Simply put, Plaintiff's Complaint does not allege any valid cause of action as currently pled. If Plaintiff does have a claim based on substantive facts and contract terms, that such facts should be alleged so that Citibank can properly address Plaintiff's purported claims prior to be subjected to discovery and further litigation.

### III.  ARGUMENT

A.  **Standard On A Motion to Dismiss**

In ruling on a motion to dismiss under Rule 12(b)(6), the Court accepts all well-pleaded facts in the complaint as true, and draws all reasonable inferences from those facts in the plaintiff's favor. Fed.R.Civ.P. 12(b)(6); McMillan v. Coll'n Prof'ls, Inc., 445 F.3d 754, 758 (7th Cir.2006). To survive a Rule 12(b)(6) motion to dismiss, however, the complaint must communicate to the defendant the specific claim and the grounds on which the claim rests. Bell Atlantic Corp. v. Twombly, --- U.S. ----, 127 S.Ct. 1955, 1964 (2007); Airborne Beepers & Video, Inc. v. AT & T Mobility LLC, 499 F.3d 663, 667 (7th Cir.2007). This means that the plaintiff must plead "enough facts to state a claim for relief that is plausible on its face," and more than merely a "suspicion" of a legally cognizable claim. Twombly, 127 S.Ct. at 1964-65, 1974. Indeed, the plaintiff's pleading obligation is to avoid factual allegations "so sketchy that the complaint does not provide the type of notice of the claim to which the defendant is entitled under Rule 8." Airborne Beepers, 499 F.3d at 667. Moreover, while "[a] document filed pro se is to be liberally construed," (Erickson v. Pardus, 550 U.S. ----, 127 S.Ct. 2197, 2000 (2007) (quotation marks and citations omitted)), "courts are not bound to accept as true a legal conclusion couched as a factual allegation." Bell v. Twombley, 127 S.Ct. at 1965 (citing Papasan v. Allain, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986) (quotation marks omitted)).

B.  **Plaintiff Fails To Allege Facts Sufficient To State A Valid Cause Of Action**

As noted above, Plaintiff's Complaint vaguely references three claims against Citibank: (i) breach of contract; (ii) negligent misrepresentation; and (iii) violation of the FCRA. For each of these claims, Plaintiff has failed to allege facts sufficient to state a valid cause of action.

With respect to his breach of contract claim, it is fundamental that Plaintiff must allege facts establishing (1) a valid contract (including offer and acceptance, consideration, and definite and certain terms), (2) performance by the plaintiff of all required conditions, (3) breach of the terms of the contract, and (4) damages resulting from the breach. Association Ben. Services, Inc. v. Caremark RX, Inc., 493 F.3d 841, 849 (7th Cir. 2007) (citing MC Baldwin Fin. Co. v.

DiMaggio, Rosario & Veraja, LLC, 364 Ill.App.3d 6, 300 Ill.Dec. 601, 845 N.E.2d 22, 30 (2006), leave to appeal denied, 218 Ill.2d 542, 303 Ill.Dec. 3, 850 N.E.2d 808 (2006)). Here, although Plaintiff references a "contract," he does not allege what terms of the contract are at issue, whether he fully performed under the "contract," how Citibank supposedly breached the "contract" or any facts regarding damages he allegedly incurred. While it is undisputed that Plaintiff is bound by a written Card Agreement applicable to the Account, Plaintiff does not allege what terms of the contract are purportedly at issue. Rather, the only "facts" referenced by Plaintiff is his conclusory statement that Citibank "increased the Plaintiff's interest rate for no valid reason and has refused to correct this matter." Citibank is entitled to notice of the specific terms that Plaintiff claims were breached and how this breach allegedly occurred. Accordingly, the breach of contract claim should be dismissed.

With respect to Plaintiff's "negligent misrepresentation" claim, the required elements are "(1) a false statement of material fact, (2) carelessness or negligence in ascertaining the truth of the statement by the party making it, (3) an intention to induce the other party to act, (4) action by the other party in reliance on the truth of the statement, and (5) damage to the other party resulting from such reliance, (6) when the party making the statement is under a duty to communicate accurate information." Liberty Mut. Ins. Co. v. Decking and Steel, Inc., 301 F.Supp.2d 830, 834 (N.D. Ill. 2004) (citing Roe v. Jewish Children's Bureau of Chicago, 339 Ill.App.3d 119, 274 Ill.Dec. 109, 790 N.E.2d 882, 893 (2003)). Moreover, if a plaintiff is seeking purely economic damages, liability is only imposed if the defendant "is in the business of supplying information for the guidance of others in their business transactions." First Midwest Bank, N.A. v. Stewart Title Guar. Co., 218 Ill.2d 326, 334-335, 300 Ill.Dec. 69, 843 N.E.2d 327, 332 (2006). Here, Plaintiff has not even attempted to plead any of the required

elements, let alone facts establishing a basis for such claim. Accordingly, Plaintiff's "negligent misrepresentation" claim must be dismissed.[1]

Finally, with respect to Plaintiff's FCRA claim, plaintiff makes no allegations, conclusory or otherwise, establishing any violation of the FCRA. Plaintiff does not even point to any provision of the FCRA that allegedly has been violated. The FCRA exclusively regulates the reporting and use of credit information. See 15 U.S.C. § 1681, et seq. The FCRA typically regulates the consumer credit reporting activities of three types of persons: (1) consumer reporting agencies ("CRAs") -- e.g., TransUnion, Experian and Equifax (defined at 15 U.S.C. § 1681a(f)); (2) users of information contained in consumer reports (e.g., creditors, employers, insurance companies); and (3) the furnishers of information to CRAs, including credit card issuers like Citibank here. See Vazquez-Garcia v. Trans Union De Puerto Rico, 222 F. Supp. 2d 150, 153-54 (D.P.R. 2002); Gibbs v. SLM Corp., 336 F. Supp. 2d 1, 10-11 (D. Mass. 2004). The FCRA authorizes two types of civil claims: (1) negligent claims pursuant to 15 U.S.C. § 1681o; and (2) willful claims, pursuant to 15 U.S.C. § 1681n.

Having failed to allege any facts establishing how Citibank purportedly violated the FCRA, Plaintiff simply cannot be allowed to pursue such a claim here. Accordingly, the FCRA claim should be dismissed.

## IV.   CONCLUSION

For the foregoing reasons, Citibank respectfully requests that this Motion be granted in its entirety and that Plaintiff's Complaint be dismissed.

---

[1] If Plaintiff's negligent misrepresentation claim were to be premised on any furnishing of credit information by Citibank, Plaintiff's claim likely would be barred by federal preemption under the FCRA. See Zahran v. Transunion Corp., No. Civ. 01C1700, 2003 WL 1733561, at *9 (N.D. Ill. Mar. 31, 2003).

5

Respectfully submitted,

s/Vincent Vigil
Vincent Vigil
Gonzalez, Saggio and Harlan, L.L.C.
35 E. Wacker Drive, Suite 500
Chicago, Illinois 60601
Phone: 312.236.0475
Fax: 312.236.1750
E-Mail: vincent_vigil@gshllc.com
**ATTORNEYS FOR DEFENDANT CITIBANK (SOUTH DAKOTA) N.A.**

## CERTIFICATE OF SERVICE

I hereby certify that on May 21, 2008, I electronically filed the foregoing with Clerk of the Court using the CM/ECF system which sent notification of such filing to the following: N/A and I certify that I have mailed by United States Postal Service the document to the following non CM/ECF participant:

>David Powell
>P.O. Box 5282
>Lansing, Illinois 60438

>Respectfully submitted,

>s/Vincent Vigil
>Vincent Vigil
>Gonzalez, Saggio and Harlan, L.L.C.
>35 E. Wacker Drive, Suite 500
>Chicago, Illinois 60601
>Phone: 312.236.0475
>Fax: 312.236.1750
>E-Mail: vincent_vigil@gshllc.com

# EXHIBIT A

## Select A Case

This person is a party in 12 cases.

| | | | |
|---|---|---|---|
| 1:03-cv-00172 | Powell v. Discover Card | filed 01/09/03 | closed 11/19/03 |
| 1:03-cv-08233 | Powell v. Bayview Bank | filed 11/18/03 | closed 11/24/03 |
| 1:03-cv-08234 | Powell v. Wayne Liberia | filed 06/03/04 | closed 10/13/04 |
| 1:03-cv-08235 | Powell v. First USA | filed 11/18/03 | closed 08/30/04 |
| 1:03-cv-08236 | Powell v. Household Fin Corp | filed 12/11/03 | closed 12/11/03 |
| 1:04-cv-02257 | Powell v. Chase Manhattan Bk | filed 03/26/04 | closed 10/15/04 |
| 1:04-cv-04831 | Powell v. Houstma | filed 07/23/04 | closed 02/25/05 |
| 1:05-cv-04215 | Powell v. United Healthcare Insurance Co. | filed 07/21/05 | closed 05/02/07 |
| 1:05-cv-04284 | Powell v. Conseco-Greentree | filed 07/26/05 | closed 09/27/06 |
| 1:07-cv-06503 | Powell v. Greentree | filed 11/16/07 | closed 11/26/07 |
| 1:08-cv-00097 | Powell v. Greentree | filed 01/07/08 | |
| 1:08-cv-02755 | Powell v. Citibank South Dakota N.A. | filed 05/13/08 | |

| PACER Service Center | | | |
|---|---|---|---|
| Transaction Receipt | | | |
| 05/20/2008 15:13:06 | | | |
| PACER Login: | vv0172 | Client Code: | |
| Description: | Search | Search Criteria: | Last Name: powell First Name: david |
| Billable Pages: | 1 | Cost: | 0.08 |



EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE Northern District of Illinois − CM/ECF LIVE, Ver 3.2.1
Eastern Division

David Powell
                      Plaintiff,

v.                                          Case No.: 1:08−cv−02755
                                          Honorable Charles R. Norgle Sr.

Citibank South Dakota N.A.
                      Defendant.

### NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Friday, May 30, 2008:

      MINUTE entry before the Honorable Charles R. Norgle, Sr: Motion hearing held on 5/30/2008. Plaintiff's Response to Defendant's Motion to Dismiss [5] is due on or before 6/13/2008. Defendant's reply is due on or before 6/20/2008. Mailed notice(ewf, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at *www.ilnd.uscourts.gov*.



EXHIBIT D

RECEIVED

JUN 13 2008

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MR. DAVID POWELL            )
PLANTIFF                    )   CASE NO. 08-CV-2755
                            )
         VS.                )   HON CHARLES R. NORGLE, Sr.
                            )
CITIBANK (SOUTH DAKOTA), N.A., )
DEFENDANT                   )

PLANTIFF'S FIRST AMENDED COMPLAINT

PARTIES

1. On information and belief the Plantiff and Defendant entered into a Credit Card Agreement on or about July 2007.

GENERAL ALLEGATIONS

1. The Plantiff submitted payment as required by Money Order No. 224655, First Savings Bank of Hegewisch dated before the due date.
2. The Defendant accepted said payment as listed line item 1.
3. The Plantiff submitted Exhibit 2 after calls were made to Defendants Customer Service for errors made by the Defendant.
4. The Defendant violated said contract by ignoring page 15 Billing Rights.
5. The Defendant violated said contract page 16 rights and responsibilitys,by refusing to correct there errors.
6. The Defendant informed Plantiff all Credit History is sent Automatically by The Defendant each month to Credit bureaus page 14 Credit Reporting.

COUNT ONE
NEGLIGENT MISREPRESENTATION

1. The Plantiff reincorporates line items one thru six and all exhibits submitted in the orginal complaint.
2. The Defendants capacity as a Credit Card Provider is in the business of providing facts and information that is accurate, The Defendant assumed a responsibility under and failed its contract responsibility to the Plantiff.
3. The Defendant's negligent misrepresentation resulted in economic harm and emotional distress to the Plantiff who is on U.S. RRB Disability.

COUNT TWO
WILLFULL VIOLATION OF THE FAIR CREDIT REPORTING ACT

1. The Defendant was obligated to to comply with 15 U.S.C. 1681s-2a(7)(A)(i).
2. The Defendant willfully violated 15 U.S.C.1681s-2a(7)A(i), this violation caused actual damages to the Plantiff.
3. The Defendant negligently violated act line item 2, by failing to notify the Plantiff in writing, that said information will be submitted to Credir Bureaus.

PRAYERS FOR RELIEF

EXHIBIT
E

The Plantiff Prays the Court for relief and enter Judgement in Plantiff's favor against the Defendant and grant actual and statutory damages to the Plaintiff as listed and any other means equitable and just.

Respectfully Submitted
Plantiff
Mr. David Powell

*[signature]*