## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles R. Norgle | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 2755 | **DATE** | 7/2/2008 |
| **CASE TITLE** | David Powell vs. Citibank (South Dakota) N.A. | | |

**DOCKET ENTRY TEXT**

Motion by Defendant Citibank to dismiss [5] is denied as moot. Motion by Defendant Citibank to strike Plaintiff's Amended Complaint and for entry of an order dismissing Plaintiff's original complaint [15] is denied. Defendnat Citibank is granted leave to file a motion to dismiss in response to Plaintiff's Amended Complaint.

■ [ For further details see text below.]                     Notices mailed by Judicial staff.

### STATEMENT

    Before the Court is Defendant CitiBank's ("Citibank") motion to strike Plaintiff's amended complaint and for entry of an order dismissing Plaintiff's original complaint. Plaintiff filed his initial complaint on April 18, 2008. On May 20, 2008, Citibank filed a motion to dismiss that complaint. The parties appeared before the Court on May 30, 2008 at which time the Court set a briefing schedule with regard to Citibank's motion to dismiss. Instead of filing a response, however, the Plaintiff, who is operating *pro se*, filed a First Amended Complaint without seeking leave of Court or obtaining written consent from Citibank prior to doing so. In turn, Citibank filed the instant motion.

    Generally, prior to filing an amended complaint, a party must first seek leave of court or obtain written consent by the party adverse to him. See Fed. R. Civ. P. 15(a). We agree with Citibank that a failure to comply with this rule is grounds to strike the First Amended Complaint. However, implicit in the right to self-representation is an obligation on the part of the court to make reasonable allowances to protect *pro se* litigants from inadvertant forfeiture of important rights because of their lack of legal training. Despenza v. O'Leary, 889 F.2d 113, 114-15 (7th Cir. 1989). And, while the right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law, Faretta v. Cal., 422 U.S. 806, 834-35 (1975), it should not be impaired by the harsh application of technical rules. Despenza, 889 F.2d at 115 (citing Traguth v. Zuck, 710 F.2d 90, 95 (2d Cir. 1983)).

    As Plaintiff moves forward in the litigation, the Court admonishes Plaintiff to consult the Local Rules of the Northern District of Illinois and the Federal Rules of Civil Procedure. The Court does not take lightly the failure to comply with procedural or substantive rules. Nevertheless, the Court shall grant Plaintiff leave to file his First Amended Complaint, which he has already done. Plaintiff's First Amended Complaint is therefore the operative complaint in this action. Accordingly, Citibank's previously filed motion to dismiss is denied as moot, Citibank's motion to strike is denied, and Citibank is granted leave to file a motion to dismiss in response to Plaintiff's First Amended Complaint. IT IS SO ORDERED.