**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| DAVID POWELL,<br><br>  Plaintiff,<br><br>  vs.<br><br>CITIBANK (SOUTH DAKOTA), N.A.,<br><br>  Defendant. | )<br>)<br>)<br>)<br>) Case No. 08 cv 2755<br>) Judge Charles R. Norgle, Sr.<br>) Courtroom 2341<br>)  Magistrate Judge Jeffrey Cole<br>) Courtroom 1838<br>) |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
CITIBANK (SOUTH DAKOTA) N.A.'s MOTION TO DISMISS PLAINTIFF'S FIRST
AMENDED COMPLAINT**

### I.  INTRODUCTION

Defendant Citibank (South Dakota), N.A. ("Citibank"), moves to dismiss the First Amended Complaint ("FAC") filed by plaintiff David Powell ("Plaintiff") pursuant to Federal Rule of Civil Procedure 12(b)(6).  As with Plaintiff's original Complaint, the amended FAC completely fails to state any valid cause of action.  Although Plaintiff now asserts two Counts for negligent misrepresentation and violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA"), Plaintiff still fails to allege facts sufficient to state a valid claim.  Indeed, Plaintiff continues to make only conclusory allegations unsupported by an substantive factual allegations.  For example, Plaintiff fails to allege any "misrepresentation" supporting Count I, which is barred on other grounds as well.  And Plaintiff's FCRA claim fails as a matter of law because it is well established that there is no private right of action for violation of 15 U.S.C. 1681s-2(a), the only FCRA provision sued upon.  A review of this Court's online docket (through PACER) reflects that Plaintiff previously has filed a number of cases in this Court (each time requesting appointment of an attorney).  Thus, Plaintiff should at least be aware of the basic pleading required to state a valid cause of action -- the fact is he simply cannot do so. Accordingly, because Plaintiff already has been given leave to file an amended pleading in

response to Citibank's first Motion to Dismiss, Citibank respectfully requests that this Court dismiss the FAC with prejudice and without leave to amend.

## II.    ALLEGATIONS OF THE COMPLAINT

Plaintiff filed his original Complaint in Illinois state court on or about April 18, 2008. On May 13, 2008, Citibank timely removed the action to this Court based on Plaintiff's attempt to assert a claim based on the FCRA. When Citibank moved to dismiss the original Complaint, Plaintiff filed no opposition, but rather, responded by filing the FAC.

In the FAC, Plaintiff alleges that he "entered into a Credit Card Agreement" with Citibank on or about July 2007. FAC, ¶ 1. While Citibank does not dispute that Plaintiff's Citibank-issued credit card account (the "Account") is subject to a written Card Agreement, Plaintiff does not attach such Agreement to the FAC. Nor does Plaintiff set forth any of the provisions of such agreement. Instead, Plaintiff claims that he supposedly submitted a payment "before the due date" (FAC, ¶ 1), which was accepted by Citibank (FAC, ¶ 2) and he submitted "Exhibit 2" (which is not attached to the FAC, but apparently refers to the original Complaint) to Citibank's customer service (FAC, ¶ 3). Plaintiff then alleges, in wholly conclusory fashion, that Citibank supposedly violated "said contract" by "ignoring page 15 Billing Rights" and "by refusing to correct there [sic] errors." FAC, ¶¶ 4, 5. Tellingly, Plaintiff does not assert a breach of contract claim, nor could he based upon the vague and amorphous allegations of the FAC. Plaintiff also alleges that "all Credit History is sent Automatically by [Citibank] each month to Credit Bureaus page 14 Credit Reporting." FAC, ¶ 6.

With respect to his "negligent misrepresentation" claim (Count I), Plaintiff does not identify any "misrepresentation" made by Citibank. Instead, Plaintiff merely alleges:

> 2.    The Defendants capacity as a Credit Card Provider is in the business of providing facts and information that is accurate, The Defendant assumed a responsibility under and failed its contract responsibility to the Plaintiff.
>
> 3.    The Defendant's negligent misrepresentation resulted in economic harm and emotional distress to the Plaintiff who is on U.S. RRB Disability.

FAC, ¶¶ 2, 3 (Count I).

With respect to his FCRA claim (Count II), Plaintiff alleges:

1. The Defendant was obligated to comply with 15 U.S.C. 1681s-2a(7)(A)(i).

2. The Defendant willfully violated 15 U.S.C. 1681s-2a(7)A)(i), this violation caused actual damages to Plaintiff.

3. The Defendant negligently violated act line item 2 by failing to notify the Plaintiff in writing, that said information will be submitted to Credit Bureaus.

FAC, ¶¶ 1-3 (Count II).

In addition to the fact that there is no private right of action for an alleged violation of 15 U.S.C. § 1681s-2(a), as discussed below, the fact is that Plaintiff has failed to identify any inaccurate credit information supposedly furnished by Citibank. Simply put, Plaintiff's FAC continues to be wholly deficient.

### III.   ARGUMENT

**A.   Standard On A Motion to Dismiss**

In ruling on a motion to dismiss under Rule 12(b)(6), the Court accepts all well-pleaded facts in the complaint as true, and draws all reasonable inferences from those facts in the plaintiff's favor. Fed.R.Civ.P. 12(b)(6); McMillan v. Coll'n Prof'ls, Inc., 445 F.3d 754, 758 (7th Cir.2006). To survive a Rule 12(b)(6) motion to dismiss, however, the complaint must communicate to the defendant the specific claim and the grounds on which the claim rests. Bell Atlantic Corp. v. Twombly, --- U.S. ----, 127 S.Ct. 1955, 1964 (2007); Airborne Beepers & Video, Inc. v. AT & T Mobility LLC, 499 F.3d 663, 667 (7th Cir.2007). This means that the plaintiff must plead "enough facts to state a claim for relief that is plausible on its face," and more than merely a "suspicion" of a legally cognizable claim. Twombly, 127 S.Ct. at 1964-65, 1974. Indeed, the plaintiff's pleading obligation is to avoid factual allegations "so sketchy that the complaint does not provide the type of notice of the claim to which the defendant is entitled under Rule 8." Airborne Beepers, 499 F.3d at 667. Moreover, while "[a] document filed pro se

is to be liberally construed," (Erickson v. Pardus, 550 U.S. ----, 127 S.Ct. 2197, 2000 (2007) (quotation marks and citations omitted)), "courts are not bound to accept as true a legal conclusion couched as a factual allegation." Bell v. Twombley, 127 S.Ct. at 1965 (citing Papasan v. Allain, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986) (quotation marks omitted)).

### B. Plaintiff Fails To Plead Facts Sufficient To State A Claim For Negligent Misrepresentation.[1]

To state a claim for negligent misrepresentation, Plaintiff must allege facts establishing "(1) a false statement of material fact, (2) carelessness or negligence in ascertaining the truth of the statement by the party making it, (3) an intention to induce the other party to act, (4) action by the other party in reliance on the truth of the statement, and (5) damage to the other party resulting from such reliance, (6) when the party making the statement is under a duty to communicate accurate information." Liberty Mut. Ins. Co. v. Decking and Steel, Inc., 301 F.Supp.2d 830, 834 (N.D. Ill. 2004) (citing Roe v. Jewish Children's Bureau of Chicago, 339 Ill.App.3d 119, 274 Ill.Dec. 109, 790 N.E.2d 882, 893 (2003)).

Furthermore, under Illinois law, the "economic loss doctrine" precludes a party from recovering "'for solely economic loss under the tort theories of strict liability, negligence and innocent misrepresentation.'" First Midwest Bank, N.A. v. Stewart Title Guar. Co., 218 Ill.2d 326, 337, 843 N.E.2d 327, 333 (2006) (quoting Moorman Manufacturing Co. v. National Tank Co., 91 Ill.2d 69, 91, 435 N.E.2d 443 (1982)). Instead, "'contract law, which protects

---

[1] As noted above, although Plaintiff vaguely asserts that Citibank supposedly "violated said contract" (apparently referring to the Card Agreement, Plaintiff does not allege a breach of contract claim here. Nor can he. It is fundamental that Plaintiff must allege facts establishing (1) a valid contract (including offer and acceptance, consideration, and definite and certain terms), (2) performance by the plaintiff of all required conditions, (3) breach of the terms of the contract, and (4) damages resulting from the breach. Association Ben. Services, Inc. v. Caremark RX, Inc., 493 F.3d 841, 849 (7th Cir. 2007) (citing MC Baldwin Fin. Co. v. DiMaggio, Rosario & Veraja, LLC, 364 Ill.App.3d 6, 300 Ill.Dec. 601, 845 N.E.2d 22, 30 (2006), leave to appeal denied, 218 Ill.2d 542, 303 Ill.Dec. 3, 850 N.E.2d 808 (2006)). Here, although Plaintiff references the Card Agreement, he does not attach the agreement or set forth what terms are at issue, whether he fully performed under the "contract," how Citibank supposedly breached the "contract" or any facts regarding damages he allegedly incurred. If Plaintiff should attempt to assert a breach of contract claim, and he has not here, Citibank is entitled to notice of the specific terms that Plaintiff claims were breached and how this breach allegedly occurred.

4

expectation interests, provides the proper standard when a qualitative defect is involved.'" Id. (quoting Moorman, 91 Ill.2d at 81, 435 N.E.2d 443). There are three exceptions to this general rule: "(1) where the plaintiff sustained damage, i.e., personal injury or property damage, resulting from a sudden or dangerous occurrence [citation omitted]; (2) where the plaintiff's damages are proximately caused by a defendant's intentional, false representation, i.e., fraud [citation omitted]; and (3) where the plaintiff's damages are proximately caused by a negligent misrepresentation by a defendant in the business of supplying information for the guidance of others in their business [citation omitted]." First Midwest Bank, 218 Ill.2d at 337, 843 N.E.2d at 333-34 (2006) (citations omitted). With respect to the third exception for negligent misrepresentation claims, the Illinois Supreme Court has confirmed that such exception "is not applicable if the information supplied is merely ancillary to the sale of a product." Id. 218 Ill.2d at 339, 843 N.E.2d at 335. That is, the defendant must be directly involved "in the business of supplying information for the guidance of others in their business transactions." First Midwest Bank, 218 Ill.2d at 334-335, 843 N.E.2d at 332 (2006) (dismissing negligent misrepresentation claim against title insurer because it was not in the business of supplying information when it issued a title commitment or a policy of title insurance); accord Tyler v. Gibbons, 368 Ill.App.3d 126, 857 N.E.2d 885 (Ill. App. 3 Dist. 2006) (holding that economic loss doctrine barred negligent misrepresentation claim against company that was in the business of providing chemical products and equipment to agricultural producers); Prime Leasing v. Kendig, 332 Ill.App.3d 300, 265 Ill.Dec. 722, 773 N.E.2d 84 (2002) (plaintiffs' negligence claims were barred by the economic loss doctrine because the company was not in the business of supplying information). Also, under Illinois law, a negligent misrepresentation claim cannot be maintained based on alleged emotional distress damages. See Brogan v. Mitchell Intern., Inc., 181 Ill.2d 178, 185, 692 N.E.2d 276, 278 (Ill. 1998) ("There exists no broad duty to avoid misrepresentations that cause only emotional harm."); see also Dargo v. Clear Channel Communications, Inc., 2008 WL 2225812, *4 (N.D. Ill. May 28, 2008) ("Illinois does not recognize a duty to avoid misrepresentations that cause only emotional harm.").

Here, Plaintiff's FAC, like the original Complaint, fails to allege any "false statement of material fact," let alone the other elements of negligent misrepresentation. Thus, Count I should be dismissed on these grounds alone. Moreover, Plaintiff's allegation that Citibank's "capacity as a Credit Card Provider is in the business of providing facts and information that is accurate," does not save Plaintiff's claim from the economic loss doctrine, as discussed above. As clearly pled in the FAC, Citibank issues credit card accounts; the fact that it furnishes information in connection with its lending activities is merely ancillary to its credit card operations. In addition, Plaintiff does not, and cannot, allege any physical injury or property damage, and his conclusory allegations of "emotional distress" do not support a claim for negligent misrepresentation as stated above. Accordingly, Plaintiff's claim fails for the additional reason that it is barred by the economic loss doctrine. Because Plaintiff has twice failed to allege facts supporting a negligent misrepresentation claim, Count I should be dismissed with prejudice and without leave to amend.[2]

**C.    No Private Right Of Action Under 15 U.S.C. § 1681s-2(a) Exists, And Thus Plaintiff Does Not, And Cannot, State A Claim For Violation Of The FCRA.**

The FCRA regulates the reporting and use of credit information. See 15 U.S.C. § 1681, et seq. The FCRA typically regulates the consumer credit reporting activities of three types of persons: (1) consumer reporting agencies ("CRAs") -- e.g., TransUnion, Experian and Equifax (defined at 15 U.S.C. § 1681a(f)); (2) users of information contained in consumer reports (e.g., creditors, employers, insurance companies); and (3) the furnishers of information to CRAs, including credit card issuers like Citibank here. See Vazquez-Garcia v. Trans Union De Puerto Rico, 222 F. Supp. 2d 150, 153-54 (D.P.R. 2002); Gibbs v. SLM Corp., 336 F. Supp. 2d 1, 10-11 (D. Mass. 2004). Count II of Plaintiff's FAC appears to allege that Citibank supposedly failed to

---

[2]  If Plaintiff's negligent misrepresentation claim were to be premised on any furnishing of credit information by Citibank, which has not been alleged, Plaintiff's claim likely would be barred by federal preemption under the FCRA. See Zahran v. Transunion Corp., No. Civ. 01C1700, 2003 WL 1733561, at *9 (N.D. Ill. Mar. 31, 2003).

provide notice to Plaintiff of negative information furnished with respect to his Account.  See FAC, ¶ 2 (Count II) (citing 15 U.S.C. § 1681s-2(a)(7)(A)(i)).  Plaintiff's claim therefore turns upon those provisions of the FCRA regulating furnishers' duties.[3]

Notwithstanding that Plaintiff has failed to allege what inaccurate negative information, if any, was furnished with respect to the Account, Plaintiff's allegations in the Complaint fail to state any claim under the FCRA because Plaintiff has no private right of action to sue under 15 U.S.C. § 1681s-2(a).  See Dumas v. Dovenmuehle Mortg. Inc., No. 02 C 6271, 2005 WL 1528262 at *5, (N.D. Ill. June 23, 2005); Rollins v. Peoples Gas Light & Coke Co., 379 F. Supp. 2d 964, 967 (N.D. Ill. 2005) ("It is undisputed that there is no private right of action under § 1681s-2(a)."); Nelson v. Chase Manhattan Mortgage Corp., 282 F.3d 1057, 1059 (9th Cir. 2002); Howard v. Blue Ridge Bank, 371 F. Supp. 2d 1139, 1146 (N.D. Cal. 2005); Gibbs, 336 F. Supp. 2d at 11 ("courts have consistently held that there is no private action for violations of § 1681s-2(a)"); Whisenant v. First Nat'l Bank & Trust Co., 258 F. Supp. 2d 1312, 1316 (N.D. Okla. 2003) ("Congress did not create a private right of action for violations of this section."); DiMezza v. First USA Bank Inc., 103 F. Supp. 2d 1296, 1299 (D.N.M. 2000) ("It is without a doubt . . . that § 1681s-2(d) . . . exclusively limits enforcement of the accurate information provisions under § 1681s-2(a) to federal and state officers thus precluding any action under sections 1681n and 1681o"); Kaetz v. Chase Manhattan Bank, USA, No. 3:05cv1546, 2006 WL 1343700, at *3 (M.D. Pa. May 17, 2006) (15 U.S.C. § 1681s-2(a)(1)(A) "is enforced exclusively by federal and state agencies and does not provide a private cause of action").[4]  Rather, exclusive

---

[3] The FCRA authorizes two types of civil claims:  (1) negligent claims pursuant to 15 U.S.C. § 1681o; and (2) willful claims, pursuant to 15 U.S.C. § 1681n.  Plaintiff alleges the latter here.  (See Complaint, Count I, "prayer for relief" ¶¶ C & D.)

[4] Accord Beattie v. Nations Credit Fin. Servs. Corp., 02-1744, 69 Fed.Appx. 585, 589, 2003 WL 21480586, *2-3 (4th Cir. 2003); Pirouzian v. SLM Corp., 396 F. Supp. 2d 1124, 1127 (S.D. Cal. 2005); Bank One, N.A. v. Colley, 294 F. Supp. 2d 864, 870 (M.D. La. 2003); O'Diah v. New York City, No. 02 Civ. 274(DLC), 2003 WL 21997748, *3 (S.D.N.Y. Aug. 22, 2003); Redhead v. Winston & Winston, P.C., No. 01 Civ. 11475(DLC), 2002 WL 31106934, at *4 (S.D.N.Y. Sept. 20, 2002); Olexy v. Interstate Assurance Co., 113 F. Supp. 2d 1045, 1047 (S.D. Miss. 2000); Caltabiano v. BSB Bank & Trust Co., 387 F. Supp. 2d 135, 140 (E.D.N.Y. 2005).

enforcement authority over violations of 15 U.S.C. § 1681s-2(a) is vested with federal and state agencies and officials.  <u>See</u> 15 U.S.C. § 1681s-2(d) (providing that Section 1681s-2(a) "shall be enforced exclusively under section 1681s of this title by the Federal agencies and officials and the State officials identified in that section").  A complaint that alleges a violation of the FCRA based upon a credit information furnisher's supposedly inaccurate credit reporting is subject to dismissal.  <u>See</u>, <u>e.g.</u>, <u>Gibbs</u>, 336 F. Supp. 2d at 12; <u>Ryder v. Washington Mut. Bank</u>, 371 F. Supp. 2d 152, 153-54 (D. Conn. 2005); <u>Kane v. Guar. Residential Lending, Inc.</u>, 2005 WL 1153623 at *4 (E.D.N.Y. May 16, 2005); <u>Quigley v. Penn. Higher Educ. Assistance Agency</u>, No. C00-1661CRB, 2000 WL 1721069, *2 (N.D. Cal. Nov. 8, 2000) (dismissing claim without leave to amend because no private right of action exists).

Here, Plaintiff's Count I alleges, in wholly conculsory fashion, a supposed violation of 15 U.S.C. § 1681s-2(a)(7)(A)(i).  The FCRA, however, does not provide a private right of action for such a claim.  Accordingly, the Motion should be granted and Count I should be dismissed without leave to amend.

## IV.   CONCLUSION

For the foregoing reasons, Citibank respectfully requests that this Motion be granted in its entirety and that Plaintiff's FAC be dismissed with prejudice, and without leave to amend.

Respectfully submitted,

<u>s/Vincent Vigil</u>
Vincent Vigil
35 E. Wacker Drive, Suite 500
Chicago, Illinois 60601
Phone: 312.236.0475
Fax: 312.236.1750
E-Mail: <u>vincent_vigil@gshllc.com</u>

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 17, 2008, I electronically filed the foregoing with Clerk of the Court using the CM/ECF system which sent notification of such filing to the following: N/A and I certify that I have mailed by United States Postal Service the document to the following non CM/ECF participant:

>David Powell
>P.O. Box 5282
>Lansing, Illinois 60438

>Respectfully submitted,

>s/Vincent Vigil
>Vincent Vigil
>35 E. Wacker Drive, Suite 500
>Chicago, Illinois 60601
>Phone: 312.236.0475
>Fax: 312.236.1750
>Email: vincent_vigil@gshllc.com