UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DAVID POWELL, | |
| Plaintiff, | Case No. 08 C 2755 |
| | Judge Charles R. Norgle |
| v. | Courtroom 2341 |
| | Magistrate Judge Jeffrey Cole |
| CITIBANK (SOUTH DAKOTA) N.A., | Courtroom 1838 |
| Defendant. | |

**Reply of Citibank (South Dakota) N.A.
in Support of Motion to Dismiss Plaintiff's First Amended Complaint**

Defendant Citibank (South Dakota) N.A. ("Citibank") herewith submits its reply to Plaintiff's Motion for Reconsideration of Appointment of Counsel and Response to the Court ("Motion to Reconsider"), as follows:

### I. INTRODUCTION

This matter is before the Court on Citibank's motion to dismiss Plaintiff's First Amended Complaint ("FAC") pursuant to Federal Rule of Civil Procedure 12(b)(6) ("Motion to Dismiss"). On June 13, 2008, Plaintiff David Powell ("Plaintiff") filed his FAC against Citibank.[1] In his two count FAC, Plaintiff has asserted claims for "Negligent Misrepresentation" (Count I) and "Willful Violations of the Fair Credit Reporting Act" (Count II).[2] Count II of Plaintiff's FAC rests solely on an alleged violation by Citibank of 15 U.S.C. § 1681s-2(a). In response thereto, Citibank filed its Motion to Dismiss because the FAC completely fails to state a valid claim. Moreover, Plaintiff's

---

[1] Docket No. 13.

[2] *Id.* at 1.

FCRA[3] claim fails as a matter of law because it is well established that there is no private right of action for violation of 15 U.S.C. § 1681s-2(a), the only FCRA sued upon. Rather than respond to Citibank's Motion to Dismiss, Plaintiff opted to file Plaintiff's Motion for Reconsideration of Appointment of Counsel and Response to the Court (the "Motion to Reconsider")[4] in response to this Court's prior order of June 16, 2008 denying Plaintiff's defective request for appointment of counsel.[5] Because Plaintiff (a) has failed to state a valid claim in his FAC and (b) has no private right of action pursuant to 15 U.S.C. § 1681s-2(a), Citibank respectfully requests that this Court dismiss the FAC with prejudice and without leave to amend, and also deny the relief requested in Plaintiff's Motion to Reconsider.

## II.   ARGUMENT

**A.   Plaintiff has Failed to File an Opposition to Citibank's Well Grounded Motion to Dismiss the FAC.**

On July 17, 2008 this Court entered the following order:

*Before the Court is Defendant Citibank's Motion to Dismiss Plaintiff's First Amended Complaint [20]. There Citibank argues that Plaintiff's claim under the Fair Credit Reporting Act ("FCA") fails as a matter of law because there is no private right of action for violation of 15 U.S.C. § 1681s-2(a), the only provision under which the Plaintiff brought his claim. The parties shall therefore brief the limited issue of whether a private right of action exists under 15 U.S.C. 1681s-2(a). Plaintiff shall file a response by July 31, 2008. Defendant shall file a reply by August 14, 2008, IT IS SO ORDERED.*

Notwithstanding this Court's clear mandate that the parties brief the limited issue as to

---

[3] 15 U.S.C. § 1681 et seq.

[4] Docket No. 23.

[5] Docket No. 22.

2

whether a private right of action exists under 15 U.S.C. 1681s-2(a), Plaintiff ignored such order and instead, filed his Motion to Reconsider which completely failed to address the FCRA issue raised by the Court.

In its Memorandum of Points and Authorities in Support of Citibank (South Dakota) N.A.'s Motion to Dismiss Plaintiff's FAC ("Memorandum")[6], Citibank fully briefed the issue of whether a private right of action exists under 15 U.S.C. § 1681s-2(a). Citibank has shown that Plaintiff did not sufficiently allege nor could Plaintiff ever state a claim for a violation of the FCRA. Accordingly, Citibank stands on the case law and arguments advanced in its Memorandum, the contents of which are uncontroverted by Plaintiff.[7]

**B.　Plaintiff's Motion to Reconsider is Untimely and Should be Stricken**

This court previously denied Plaintiff's request for appointment of counsel on the basis that Plaintiff had failed to establish efforts to retain counsel.[8] Forty three days have transpired between Plaintiff's Motion for Appointment of Counsel and Plaintiff's Motion to Reconsider this Court's denial of appointment of counsel. Accordingly, Plaintiff's Motion to Reconsider is not only without merit, but also untimely.

---

[6] Docket No. 20.

[7] Citibank's Memorandum also provides the bases for dismissal of Count I alleging negligent misrepresentation, said arguments which are also uncontroverted by Plaintiff. In a similar fashion, Plaintiff never filed an opposition to Citibank's motion to dismiss Plaintiff's original complaint. Rather, without leave of court and in contravention of Federal Rule of Civil Procedure 15(a), Plaintiff filed his amended complaint in lieu of an opposition to Citibank's motion to dismiss Plaintiff's original complaint.

[8] This court had a sound basis to deny Plaintiff's Motion for Appointment of Counsel given that paragraph 2 therein provides "In support of my motion, I declare that I have made the following attempts to retain counsel to represent me in this proceeding [**NOTE**: this item *must* be completed]:", yet, Plaintiff failed to list any attempts at retaining counsel.

### III.    Conclusion

Despite this Court's order that the parties address the singular issue as to whether a private right of action exists under 15 U.S.C. § 1681s-2(a), Plaintiff, at his own peril, has ignored such order and has instead elected to file his Motion to Reconsider wherein he untimely requests appointment of counsel and re-hashes allegations found in the Amended Complaint which are insufficient to state a valid claim. For the foregoing reasons, Citibank respectfully requests that its Motion to Dismiss be granted in its entirety; that Plaintiff's First Amended Complaint be dismissed with prejudice, and without leave to amend; that this Court strike Plaintiff's Motion to Reconsider the appointment of counsel; and for such other and further relief that this Court deems just and appropriate.

Respectfully submitted,

s/Vincent Vigil
Vincent Vigil
Gonzalez, Saggio and Harlan, L.L.C.
35 East Wacker Drive, Suite 500
Chicago, IL 60601
Phone: 312.236.0475
Fax: 312.236.1750
E-mail: vincent_vigil@gshllc.com
**ATTORNEYS FOR DEFENDANT CITIBANK (SOUTH DAKOTA) N.A.**

## CERTIFICATE OF SERVICE

I hereby certify that on August 6, 2008, I electronically filed the foregoing with Clerk of the Court using the CM/ECF system which sent notification of such filing to the following: N/A and I certify that I have mailed by United States Postal Service the document to the following non CM/ECF participant:

>David Powell
>P.O. Box 5282
>Lansing, IL 60438

>Respectfully submitted,

>s/Vincent Vigil
>Vincent Vigil
>Gonzalez, Saggio and Harlan, L.L.C.
>35 East Wacker Drive, Suite 500
>Chicago, IL 60601
>Phone: 312.236.0475
>Fax: 312.236.1750
>E-mail: vincent_vigil@gshllc.com